UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARY ANN ROGERS, )
 )
    *Plaintiff,* )
v. ) No. 1:08-cv-195
 ) *Edgar*
HAMILTON COUNTY EMS, )
 )
    *Defendant.* )

**MEMORANDUM**

Defendant Hamilton County EMS moves to dismiss Plaintiff Mary Ann Rogers' Complaint [Court Doc. No. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Court Doc. No. 4]. Plaintiff, representing herself pro se, has failed to respond to the motion to dismiss. The court has reviewed the Complaint, the motion to dismiss, and the applicable law and has determined that Defendant's motion to dismiss will be **GRANTED**.

**I.    Background**

The entirety of the factual allegations in Plaintiff's Complaint states as follows:

> MALPRACTICE- EMT - Paramedic failed to preform [sic] an airway and give proper orders to Hwy 58 Volunteer Fire Dept to lift vehicle off/remove son, Robert A. Rogers, in a timely manner on date of 8/22/07.

Complaint. Plaintiff asserts that she resides in Chattanooga, Tennessee and that Defendant Hamilton County EMS also resides in Chattanooga, Tennessee. *Id.*

In its motion to dismiss Defendant elaborates upon the facts alleged in Plaintiff's Complaint. The motion describes the facts alleged as follows:

> The Plaintiff's 22-year-old son, Robert Rogers, was driving a silver Kia Sorenta compact sport utility vehicle on Glover Road in the Harrison area of Hamilton County, Tennessee, in a northerly direction. Mr. Roger's [sic] was travelling [sic] well in excess of the posted speed limit when he rounded a curve and lost control of the vehicle, which left the road, hit a utility pole, reentered the roadway and rolled over onto its roof, trapping Mr. Rogers between the vehicle and the ground.
> Hamilton County Emergency Medical Services ("Hamilton County EMS" or "HCEMS") responded to the location with[in] seven minutes of being dispatched. Mr. Rogers was later declared dead at the scene.
> . . . . the Plaintiff has filed a complaint against the paramedics of HCEMS, alleging that they failed to give proper orders to the Highway 58 Volunteer Fire Department to lift the vehicle off of Mr. Rogers in a timely manner.

[Court Doc. No. 5, Motion to Dismiss].

## II.    Standard of Review

Defendant brings a motion to dismiss for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b) provides in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction; . . . .
> (6) failure to state a claim upon which relief can be granted; . . . .

Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.*

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having

> all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage. . . .
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.Pro. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen*, 549 F.2d at 890-91).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

**III. Analysis**

**A. Lack of Subject Matter Jurisdiction**

**1. Diversity Jurisdiction Is Lacking**

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; . . ." 28 U.S.C. § 1332(a). A corporation is considered a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant, by its very nature, is a resident of Hamilton County, Tennessee, as Plaintiff admits in her Complaint. Plaintiff's

Complaint indicates that her address is 4904 Northwind Drive, Chattanooga, Tennessee. Therefore, there is evidence demonstrating that the parties are all citizens of the state of Tennessee. Plaintiff presents no evidence challenging this fact. Therefore, no diversity jurisdiction exists in this case.

### 2. Plaintiff Has Failed to Demonstrate Federal Question Jurisdiction Exists

28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges "malpractice" in her original complaint with no reference to the United States Constitution or to any other federal statutes. As Plaintiff failed to respond to the motion to dismiss, Plaintiff provides no evidence or further information regarding how her allegations pertain to federal law.

Plaintiff, representing herself pro se, has directed this court to no legal precedent indicating a private right of action exists pursuant to federal law for alleged malpractice against a county emergency medical service. Plaintiff has further directed this court to no other legal authority indicating a different federal cause of action exists relating to the alleged acts of Defendant.

Even if Plaintiff's Complaint somehow alleged violations of unnamed civil rights, Plaintiff does not assert what alleged civil rights Defendant could have violated, and this Court can think of no plausible federal civil rights laws that are applicable to this situation. 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and enforcing of private contracts. 42 U.S.C. § 1981; *see also*, *Noble v. Brinker Int'l., Inc.*, 391 F.3d 715 (6th Cir. 2004). 42 U.S.C. § 1983 ("Section 1983") protects individuals from violations of rights secured by

federal law by those acting under color of state law. 42 U.S.C. § 1983; *see also, Lambert v. Hartman*, 517 F.3d. 433 (6th Cir. 2008). 42 U.S.C. § 1982 protects the property rights of persons without regard to race. 42 U.S.C. § 1982; *see also, Selden Apts. v. United States Dep't. of Housing and Urban Devel.*, 785 F.2d 152, 159 (6th Cir. 1986). 42 U.S.C. §§ 1985 and 1986 protect individuals from conspiracies to interfere with their civil rights. 42 U.S.C. § 1985; 42 U.S.C. § 1986; *see also, Royal Oak Entertainment, LLC v. City of Royal Oak*, 205 F. App'x. 389, 399 (6th Cir. 2006). Plaintiff's alleged facts do not fit within the parameters of any of these civil rights causes of action, with the exception of possibly Section 1983. Nor do Plaintiff's contentions lend themselves to application of other civil rights laws, such as the Americans with Disabilities Act, 42 U.S.C. §§ 12201 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, or the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.*

Plaintiff bears the burden of demonstrating this court's subject matter jurisdiction. She has failed to do so. There are no civil rights laws or other federal laws that Plaintiff identifies that protect the alleged malpractice here. For these reasons, Plaintiff's Complaint must be **DISMISSED**.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must take all the allegations in the Complaint as true. However, the complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88. Plaintiff here has failed to do so. Because there is no diversity jurisdiction demonstrated, a state law claim of malpractice is not a

claim upon which this court may grant relief. Further, even if Plaintiff had alleged any viable civil rights claims, such as one under Section 1983, her Complaint would still fail because she does not set forth the elements of such a cause of action.

Although the Defendant is a government actor, Plaintiff fails to state a viable federal Section 1983 claim against the Hamilton County EMS. As Defendant points out in its motion to dismiss, Hamilton County EMS is not a separate entity from Hamilton County. *See* Tenn. Code Ann. § 5-1-105 (noting that "suits may be maintained against a county for any just claim, as against other corporations"). Therefore, it appears that Hamilton County is the appropriate party to be sued in this action. Even assuming that Plaintiff named the appropriate party, she has failed to allege the elements of a viable Section 1983 claim.

Section 1983 " 'creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere.' " *Alexander v. Haymon*, 254 F.Supp.2d 820, 830 (S.D. Ohio 2003) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)). To prevail on a Section 1983 claim, the Plaintiff must allege a violation of a right established elsewhere, such as a violation of the United States Constitution.

The U.S. Supreme Court has held that municipalities are included as persons within the meaning of Section 1983, and therefore plaintiffs may sue municipalities for relief under the statute. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, municipalities are only liable under Section 1983 if they have an established policy or custom that causes the alleged injury. *See Monell*, 436 U.S. at 690.

> A municipality may be held liable only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.' Furthermore, for municipal liability, there must be an 'affirmative link between the policy and the

>particular constitutional violation alleged.' The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue.

*Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005) (quotations and citations omitted). Plaintiffs must prove that their particular injuries were "incurred because of the execution of the policy or custom." *Cunningham*, 2003 WL 23471541 at *14 (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997); *Gregory*, 220 F.3d at 442; *Doe v. Claiborne County, Tennessee*, 103 F.3d 495 (6th Cir. 1996); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This court has noted that a custom must " 'be so permanent and well settled as to constitute a custom or usage with the force of law.' " *Cunningham*, 2003 WL 23471541 at *14 (quoting *Monell*, 436 U.S. at 691). A plaintiff may establish a policy or custom in several ways. There may be an official policy that defendants promulgated. *Id.* A plaintiff may also show a "pervasive custom or practice of which the [ ] lawmakers either know or reasonably should know." *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Such a custom must be "so widespread and commonly accepted as to in effect have the force of law." *Cunningham*, 2003 WL 23471541 at *14 (citing *Brown*, 520 U.S. at 404; *Monell*, 436 U.S. at 690-91). A plaintiff can also establish the requisite policy or custom for purposes of Section 1983 by demonstrating that an official with policymaking authority has taken a single act relating to the subject matter or area at issue. *Cunningham*, 2003 WL 23471541 at *14 (citing *City of St. Louis v. Paprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembauer v. City of Cinncinnati*, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

Plaintiff fails to allege any policy or custom, either official or unofficial, on the part of Hamilton County relating to any unspecified violation of Plaintiff's son's constitutional rights. It is her burden to allege a policy, an injury, and a link between the policy and the injury if she intends to bring a cause of action for violation of Section 1983. *See Bennett*, 410 F.3d at 818-19.

Plaintiff could also demonstrate liability under Section 1983 against Hamilton County by showing that the county failed properly to train and supervise its employees. *Cunningham*, 2003 WL 23471541 at *15. Liability under this theory will exist only if plaintiffs "can prove that the [governmental agencies'] failure to train evidences deliberate indifference to the rights of its inhabitants such that the failure to train in effect constitutes a governmental custom or policy within the *Monell* framework." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

In the instant action Plaintiff alleges no failure to train or supervise by Hamilton County. Because Plaintiff fails to allege an unlawful policy or a failure to train by Hamilton County, this Court will **DISMISS** Plaintiff's claims against Defendant for failure to state a claim.

Defendant argues that any state law claims against it must be dismissed pursuant to the state Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq.* However, since this court does not have jurisdiction over the parties because of diversity, and no federal claims are otherwise present, this court does not need to analyze any potential state law claims because no diversity jurisdiction or supplemental jurisdiction exists over any such claims. Further, this court's opinion does not address any liability on the part of individual paramedics employed by the Hamilton County EMS, as Plaintiff does not name any such individuals as defendants in her Complaint.

## IV. Conclusion

This court concludes that Plaintiff has failed to demonstrate that subject matter jurisdiction exists in this action and that she has failed to state a claim upon which relief may be granted against Hamilton County EMS. For these reasons, Plaintiff's claim must be **DISMISSED WITH PREJUDICE**.

A separate order will enter.

        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
    UNITED STATES DISTRICT JUDGE